UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CR No.   24-51 (RC) |
| BENJAMIN HEFFELFINGER, | : |
| Defendant. | : |

**DEFENDANT'S REPLY TO THE UNITED STATES' SENTENCING MEMORANDUM**

Undersigned counsel, on behalf of Benjamin Heffelfinger, submits this Reply to the Government's Sentencing Memorandum, ECF No. 27 and, in addition, supplements his Memorandum with letters written in support of his allocution.

In its Sentencing Memorandum, the government attempts to distinguish misdemeanor cases where individuals did not receive sentences of incarceration.  It also points to cases where individuals charged with misdemeanor offenses were sentenced to prison time.  But the conduct justifying those sentences far exceeds the nature and circumstances of Mr. Heffelfinger's actions or his history and characteristics.  Mr. Heffelfinger was inside the building for only five minutes, came to the District only to accompany his father and see the city and did nothing remotely disruptive inside the building.  He did not go the building because he was drawn to the violence at the Capitol.  He did not encourage others to engage with police officers and did not go into any sensitive areas.  The government's reliance upon the cases cited in its Memorandum is misguided and the Court should follow its own precedent and sentence Mr. Heffelfinger to a term of probation.

**I.     Any term of incarceration would create an unwarranted sentencing disparity.**

The government fails in its lackluster attempts to distinguish this Court's non incarceration sentences for misdemeanor cases where the defendants climbed a wall outside of

the Capitol building.   The 3553 factors favor *more* leniency in Mr. Heffelfinger's case than even those cases cited by the government.   Mr. Heffelfinger was only inside for five minutes, did nothing disruptive, encouraged no one and posted nothing on social media.   He is apolitical and was only in Washington D.C. because he was brought by his father.   Moreover, he is one of the younger individuals charged for his actions on January 6th and also has additional circumstances supporting a mitigated sentence.

Nevertheless, the government argues that Mr. Heffelfinger deserves a sentence of incarceration.   It points to his criminal history, comparing it to another defendant, Robert Chapman, who did not receive prison time from this Court.   But Mr. Heffelfinger had three misdemeanor offenses, all of which were directly tied to his unfortunate substance abuse issues that he has been addressing.   He was not under supervision for any of the cases on January 6th. In contrast, Mr. Chapman had seven convictions, including one for possessing a firearm. *United States v. Robert Chapman,* 21-cr-676 (RC), ECF No. 35 at 26. More importantly, Mr. Chapman did not engage in minimally disruptive conduct like Mr. Heffelfinger.   He entered the Capitol twice, advised others on entering the building, posted on social media, and participated in interviews bragging about his conduct. ECF No. 35 at 2, 23. He was inside the building for about 30 minutes, six times longer than Mr. Heffelfinger.   ECF No. 35 at 17.

Travis and Katelyn Bartow were in the Capitol for about 30 minutes.   *United States v. Travis Bartow,* 22-cr-358-1 (RC) and *United States v. Katelyn Bartow,* 22-cr-358-2 (RC), ECF No. 59 at 6. The Bartows "organized" rioters and encouraged them to enter the Capitol.   *Id.* at 7. Katelyn Bartow than bragged about her actions on social media.   Ms. Bartow also lied to the FBI to coverup her husband's presence inside the building.   Despite these factors, they were sentenced to terms of probation.

## II. Mr. Heffelfinger's actions are not comparable to those of the defendants who received sentences of incarceration.

The government cites to cases where individuals received terms of incarceration despite only being convicted of misdemeanor offenses – but each of those individuals acted in a manner that justified a harsher sentence than Mr. Heffelfinger.   In *United States v. Jeffrey Scheffler*, 22-cr-69, the defendant clearly came to the District looking for trouble.   Mr. Scheffler posted "Game face on" on social media before leaving for D.C.   ECF No. 21 at 2-3. He arrived at the Capitol after observing violent rioters on television.   He entered through broken windows, was observed chanting with other rioters and entered conference and meeting rooms.   He spent nearly thirty minutes inside the building and remained on the grounds for longer.   After Mr. Scheffler returned home, he bragged on social media about clashing with the police and destroyed evidence on his phone.

Similarly, Jacob Garcia's conduct draws few points of comparison with Mr. Heffelfinger's brief and orderly conduct in the Capitol.   Mr. Garcia egged on police officers, shouting "What are y'all scared of?" and encouraged rioters to get inside yelling "get in here," "come on!" and "Push! Push!"   *United States v. Jacob Garcia*, 22-cr-118 (DLF) ECF No. 26 at 2-3, 6. He spent nearly an hour inside the building directing rioters.   Upon arriving home, he bragged on social media that "We literally stormed the Capitol…. My only regret is not getting some souvenirs."   *Id.*

Joshua Dressel was one of the first rioters to breach the Senate Wing Doors, entering within two minutes of when Proud Boy Dominic Pezzola broke windows with a riot shield. *United States v. Joshua Dressel*, 21-cr-572 (CRC) ECF No. 32 at 7.   He stayed inside the building for 23 minutes but then remained on the grounds for well over another hour.   He bragged on social media that he was among the first twenty people inside the building.   ECF No.

32 at 9.  Mr. Dressell then deleted video footage he had taken from his Facebook account.

Daniel Chrestmann spent 26 minutes in the Capitol but managed to enter sensitive areas like the Senators' Spouses lounge while inside.  *United States v. Daniel Chrestmann*, 21-cr-502 (CKK), ECF No. 55 at 11.   He entered and left the building through broken windows.  After returning home, he posted on social media about "piece of shit cops" and bragged on a television interview that the "American people stormed the most corrupt, genocidal Capital building in the history of the world."   ECF No. 55 at 12. Finally, he instructed others on social media to delete videos that showed him inside the building. ECF No. 55 at 13.

This Court now has a record of data points and Mr. Heffelfinger falls at least severe end of the spectrum.   Respectfully, the Court should treat him accordingly and sentence him to a period of eighteen months probation.

                                          Respectfully submitted,
                                          A.J. KRAMER
                                          FEDERAL PUBLIC DEFENDER

                                          _____/s/_____
                                          EUGENE OHM
                                          Assistant Federal Public Defender
                                          625 Indiana Ave., NW
                                          Suite 550
                                          Washington, DC   20004
                                          (202) 208-7500
                                          eugene_ohm@fd.org